**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KLEIN TOOLS, INC.,                           )
                                             )
                    Plaintiff,               )      C.A. No.
                                             )
v.                                           )      **JURY TRIAL DEMANDED**
                                             )
MILWAUKEE ELECTRIC TOOL                      )
CORPORATION,                                 )
                                             )
                    Defendant.               )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Klein Tools, Inc. ("Klein Tools" or "Plaintiff") files this Complaint for Patent Infringement and Demand for Jury Trial against Milwaukee Electric Tool Corporation ("Milwaukee" or "Defendant"). Plaintiff alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings claims under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement of the following United States patents: U.S. Patent Nos. 11,452,327 (the "'327 Patent"); 11,713,209 (the "'209 Patent"); and 12,187,573 (the "'573 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2.      Klein Tools is a corporation organized under the laws of the State of Delaware, with its principal place of business at 450 Bond Street, Lincolnshire, Illinois.

3.      Milwaukee is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin.

## JURISDICTION & VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.    The Court has personal jurisdiction over Milwaukee in this action because Milwaukee is incorporated in the State of Delaware and has a registered agent in Wilmington, Delaware.  Milwaukee's registered agent is Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Milwaukee is incorporated within this District.

## **BACKGROUND**

7.    Klein Tools was founded in 1857 by German immigrant Mathias Klein, who made his way west to set up shop in Chicago's bustling downtown business district.  Since 1857, Klein Tools has been operated by Mathias Klein and his descendants to the sixth generation.  Klein Tools' product line has grown during this time, from its renowned pliers and hand tools for the burgeoning American telecommunications and electrical industries, to a wide range of tools and occupational protective equipment used across construction, electronics, mining, and general industry.

8.    Since 1857, Klein Tools has been manufacturing tools in America.  No other manufacturer of hand tools and related products used in electrical applications makes more items in America than Klein Tools.

9.    In July 2019, building on its legacy, Klein Tools released a new-generation hard hat system that was designed, engineered, and built with safety, comfort, and fit for the tradespeople who wear them every day.  These new hard hats incorporated innovative features including accessory mounts, reversible donning, a flexible open-frame suspension, one-handed adjustment with a large knob ratchet, and more.  Klein Tools' press release identified the product as then "patent-pending."

2



Ex. 4, Klein Tools'® New Hard Hats Designed for Pros–Safety, Comfort and Fit (July 23, 2019).

10.     Since then, Klein Tools has continuously extended its hard hat system by introducing new hard hats, including hard hats made with advanced materials like carbon fiber, and by introducing new accessory devices designed to be compatible with Klein Tools' innovative front and back accessory mounts, including headlamps, fans, and safety lamps.



Ex. 5, Klein Tools'® Innovative New Fan Takes Jobsite Cooling to the Next Level (Nov. 9, 2021).

11.     Klein Tools is also a leader in manufacturing fish tape systems, fish rods, and conduit tools.  On December 17, 2020, Klein Tools published a press release introducing its 20-Foot Glow Fish Tape System, "Klein's first fully glow-in-the-dark fish tape, providing a bright glow for use in low light" applications, such as pulling wire or cable through conduit or into

enclosed wall space. Ex. 6, *Klein Tools'® New Glow Fish Tape Perfect for Low Light Applications* (Dec. 17, 2020), https://www.kleintools.com/content/klein-tools-new-glow-fish-tape-perfect-low-light-applications. Klein Tools' press release identified the product as then "Patent Pending." *Id.*



*Id.*

12.     Subsequently, on February 14, 2023, Klein Tools launched its 40' Glow in the Dark Fish Tape System "for Increased Visibility and Function." Ex. 7, *Klein Tools® Launches 40' Glow in the Dark Fish Tape for Increased Visibility and Function* (Feb. 14, 2023), https://www.kleintools.com/content/klein-tools-launches-40-glow-dark-fish-tape-increased-visibility-and-function.

13.     Today, Klein Tools continues to manufacture its innovative glow fish tape systems to meet the wire pulling needs of professionals and others.

14.     On information and belief, Milwaukee saw Klein Tools' innovative products in the market and sought to replicate their innovative features.

15.     More than two years after Klein Tools announced its innovative hard hat system, Milwaukee released its infringing BOLT™ hard hat system. Ex. 8, Milwaukee Hard Hat Line Up Expands     Personal     Protective     Solutions     (Dec.     6,     2021), https://www.milwaukeetool.com/News/Press-Releases/Milwaukee-Hard-Hat-Line-Up-Expands-

Personal-Protective-Solutions; Ex. 30, Milwaukee® Delivers Better Protection & More Comfort with New Safety Helmets (Aug. 2, 2021), https://www.milwaukeetool.com/news/press-releases/milwaukee-delivers-better-protection-more-comfort-with-new-safety-helmets.

16.    Likewise, more than two years after Klein Tools announced its innovative Glow in the Dark Fish Tape System, Milwaukee released its infringing "20' Glow Fish Tape w/ Non-Conductive    Tip".    Ex.    9,    TTI    Annual    Report    2023, https://www.ttigroup.com/sites/default/files/2024-03/ar2023_0.pdf, at 27.    Milwaukee also released its infringing 40' Glow Fish Tape System.

17.    On information and belief, given their status as direct competitors across multiple product lines, including in both the safety helmet market and fish tape systems market, Milwaukee actively monitors Klein Tools' new product releases and publicly available United States patent applications and granted patents relating to Klein Tools' products, including safety helmet and fish tape technologies.

18.    At least by virtue of this Complaint, Milwaukee is on notice of the Patents-in-Suit and its infringing conduct.

## THE PATENTS-IN-SUIT

19.    On September 27, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,452,327, entitled "Safety Helmet."  Klein Tools owns the '327 Patent and possesses all rights of recovery under the '327 Patent.  A true and accurate copy of the '327 Patent is attached hereto as Ex. 1.

20.    The '327 Patent is valid and enforceable.

21.    The '327 Patent is related to safety helmet technology.  Safety helmets are commonly referred to as "hard hats."  '327 Pat. at 1:16–17.  The invention of the '327 Patent

relates to, among other things, a safety helmet with an outer shell, a front receptacle, a rear receptacle, and accessory device(s).

22.     Milwaukee had knowledge of the '327 Patent at least as of the date of the filing and service of this Complaint.

23.     On August 1, 2023, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,713,209, entitled "Glow Fish Tape System."  Klein Tools owns the '209 Patent and possesses all rights of recovery under the '209 Patent.  A true and accurate copy of the '209 Patent is attached hereto as Ex. 2.

24.     The '209 Patent is valid and enforceable.

25.     The '209 Patent is related to fish tape technology.  Fish tape can be used to guide wires through enclosed spaces such as walls or conduits.  The invention of the '209 Patent relates to, among other things, fish tape systems where the fish tape comprises luminescent material that can be energized while in the case.

26.     Milwaukee had knowledge of the '209 Patent at least as of the date of the filing and service of this Complaint.

27.     On January 7, 2025, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 12,187,573, entitled "Glow Fish Tape System."  Klein Tools owns the '573 Patent and possesses all rights of recovery under the '573 Patent.  A true and accurate copy of the '573 Patent is attached hereto as Ex. 3.

28.     The '573 Patent is valid and enforceable.

29.     The '573 Patent is also related to fish tape technology.  The invention of the '573 Patent relates to, among other things, fish tape systems where the fish tape comprises luminescent material that can be energized while in the case.

30.     Milwaukee had knowledge of the '573 Patent at least as of the date of the filing and service of this Complaint.

## ACCUSED PRODUCTS

31.     The '327 Patent accused products include, but are not limited to, certain safety helmets, hard hats, and accessories of the Milwaukee BOLT™ System ("the Accused Bolt System").  The Accused Bolt System accessories include headlamps, batteries, headlamp mounts, face shields, eye visors, and sun visors.

32.     The Accused BOLT System is designed to allow a user to "use multiple accessories at once" with a single hard hat.  Ex. 10, Head Protection – BOLT Overview, Milwaukee Tool.  An overview of the Milwaukee BOLT System is shown below:



*Id.* at 1.

33.     The '209 and '573 Patent accused products include, but are not limited to, Milwaukee's Glow Fish Tape systems ("the Accused Glow Fish Tape Systems"). Milwaukee advertises its Glow Fish Tape systems as "deliver[ing] easier fishing and bright glow in low light applications."     Ex.     11,     Milwaukee,     *20'     Glow     Fish     Tape*, https://www.milwaukeetool.com/Products/48-22-4182; Ex. 12, Milwaukee, *40' Glow Fish Tape*,

https://www.milwaukeetool.com/Products/48-22-4184.  An overview of Milwaukee's Glow Fish

Tape system is shown below:



Ex. 11, Milwaukee, *20' Glow Fish Tape*, https://www.milwaukeetool.com/Products/48-22-4182;

*see also* Ex. 12, Milwaukee, *40' Glow Fish Tape*, https://www.milwaukeetool.com/Products/48-22-4184.

### **FIRST CAUSE OF ACTION**

### **Infringement of the '327 Patent by Milwaukee**

34.     Plaintiff realleges and incorporates each of the allegations in Paragraphs 1–33

above as though fully set forth herein.

35.     Milwaukee makes, uses, sells, offers for sale, and/or imports the Accused Bolt

System in the United States.

36.     Milwaukee directly infringes—literally and/or under the doctrine of equivalents—

at least claim 1 of the '327 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling,

offering for sale, and/or importing into the United States the Accused Bolt System, as, for example,

detailed in Ex. 26 (Exemplary Infringement Claim Chart for Claims of U.S. Patent No. 11,452,327), which is incorporated herein in its entirety.

37.    Milwaukee also indirectly infringes at least claim 1 of the '327 Patent in violation of 35 U.S.C. § 271(b) by actively inducing direct infringement by others.

38.    On information and belief, Milwaukee has actively induced, and continues to induce, direct infringement of at least claim 1 of the '327 Patent at least by its customers and/or end users with the specific intent that such customers' and/or end users' acts infringe at least claim 1 of the '327 Patent.

39.    On information and belief, Milwaukee possessed knowledge and understanding of the '327 Patent and its content prior to at least some of the accused acts of infringement.

40.    On information and belief, Milwaukee has had actual knowledge of the application that issued as the '327 Patent since at least October 29, 2020, when Milwaukee filed an Information Disclosure Statement with the USPTO listing the '327 Patent application (then-U.S. Pre-Grant Publication No. 2019/0231016, "Deshpande") as prior art with the initial filing materials of Milwaukee's U.S. Patent Application No. 17/084,303 (issued as U.S. Patent No. 11,019,870, "Hard Hat Lamp Attachment System").

41.    On information and belief, Milwaukee has also had actual knowledge of the application that issued as the '327 Patent since at least August 30, 2021, when Milwaukee filed an Information Disclosure Statement with the USPTO listing the '327 Patent application (then-U.S. Pre-Grant Publication No. 2019/0231016, "Deshpande") as prior art with the initial filing materials of Milwaukee's U.S. Patent Application No. 17/461,163 (published as U.S. 2022/0047033, "Hard Hat Attachment System and Sun Visor").

42.     On information and belief, Milwaukee has also had actual knowledge of the application that issued as the '327 Patent since at least March 31, 2022, when Milwaukee filed an Information Disclosure Statement with the USPTO listing the '327 Patent application (then-U.S. Pre-Grant Publication No. 2019/0231016) as prior art with the initial filing materials of Milwaukee's U.S. Patent Application No. 17/710,263 (published as U.S. 2022/0287403, "Safety Headwear Systems and Accessories").

43.     On information and belief, through its competitive monitoring activities, Milwaukee has had actual knowledge of the '327 Patent and its claims since at least about September 27, 2022, the day on which the '327 Patent granted.

44.     On information and belief, Milwaukee has also possessed knowledge and understanding of the '327 Patent and its claims since no later than January 24, 2024, when claims of Milwaukee's U.S. Patent Application No. 17/461,163 (published as U.S. 2022/0047033) were rejected multiple times by the USPTO as unpatentable based on the issued '327 Patent and other prior art in USPTO Office Actions dated January 24, 2024, April 30, 2024, and October 31, 2024.

45.     On information and belief, Milwaukee has also possessed knowledge and understanding of the '327 Patent and its claims since no later than January 30, 2024, when the '327 Patent was cited by the USPTO examiner during the prosecution of Milwaukee's U.S. Patent Application No. 17/710,263.

46.     On information and belief, Milwaukee has meaningfully engaged with the '327 Patent and its claims during the course of the continuing prosecution of its U.S. Patent Application No. 17/461,163.

47.     Milwaukee has also had actual knowledge of the '327 Patent and its claims since at least the date on which this Complaint was filed and served on Milwaukee.

48.     On information and belief, Milwaukee has actively induced, and continues to induce, direct infringement of at least claim 1 of the '327 Patent at least by its customers and/or end users with the actual knowledge that such customers' and/or end users' acts infringe at least claim 1 of the '327 Patent.

49.     For example, Milwaukee advertises its Accused Bolt System as providing the ability to "secure accessories simultaneously" and "use multiple accessories at once":



The Milwaukee® BOLT™ System allows you to secure accessories simultaneously. Built on the Milwaukee® BOLT™ Helmets and Hard Hats, this versatile system allows you to use multiple accessories at once. If the job changes, you can quickly swap out accessories, providing you protection and efficiency on the jobsite. The Milwaukee® BOLT™ System allows you to secure accessories simultaneously, so you can STAY SAFE. STAY PRODUCTIVE.™

Ex. 10, Head Protection – BOLT Overview, Milwaukee Tool (Cropped & Highlighted).

50.     The ability to secure accessories, and secure multiple accessories simultaneously, is a key selling point listed prominently for the safety helmets and hard hats in the Accused Bolt System.  *See, e.g.:*



Ex. 31, Milwaukee Tool - Head Protection - Bolt Overview (Hard Hat) (Highlighted).

51.    Bolt accessories, like the BOLT™ REDLITHIUM™ USB Headlamp, are advertised as "a dedicated solution for [Milwaukee's] BOLT™ hats and helmets":

**BOLT™ REDLITHIUM™ USB Headlamp**

★★☆☆☆    2.3 (7)  Write a review

Our BOLT™ REDLITHIUM™ Headlamp is a dedicated solution for our BOLT™ hard hats and helmets and is fully compatible with all BOLT™ accessories. Powered by REDLITHIUM™ USB this headlamp provides HIGH OUTPUT™ lighting that stays brighter for longer. The MILWAUKEE® BOLT™ headlamp offers an ultra-thin light head that allows for full functionality of any BOLT™ Face shield and visor. The headlamp delivers 600 lumens of TRUEVIEW™ High Definition Flood Lighting paired with a 70° pivoting light head for full illumination for any task. Our rechargeable headlamp is designed with the cam lock mounted battery pack in the rear for maximum maneuverability and security in tight spaces and a balanced design for all-day use. The Milwaukee headlamp has four light output modes: High, Medium, Low, and Eco for 32 hours of runtime to maximize light output or extend runtime. The light is IP54 rated for water and dust resistance and can withstand up to 2M drops, surviving the toughest conditions on and off the jobsite. The MILWAUKEE® REDLITHIUM™ USB Battery can be recharged in the headlamp via USB-C or swapped out with additional REDLITHIUM™ USB Batteries for virtually no downtime. The BOLT™ Headlamp is covered by a limited lifetime warranty.

Ex. 13, Milwaukee 2118-21 Product Page & Images (Highlighted).

52.    Additional headlamp mount devices are sold and included in the Bolt System that are designed to allow "users to Secure Accessories Simultaneously":



48-73-1094

**BOLT™ Low-Profile Headlamp Mount**

★☆☆☆☆    1.0 (4)

Our BOLT™ Low-Profile Headlamp Mount allows headlamp compatibility with BOLT™ eye visors and select BOLT™ full face shields. The mount is reversible and secures into the Front or Rear BOLT™ Mount of your MILWAUKEE® head protection for added convenience. The BOLT™ Low-Profile Headlamp Mount works with Milwaukee and most other professional brand headlamps. All MILWAUKEE® safety helmets and hard hats are BOLT™ compatible. This low-profile headlamp mount is part of the BOLT™ accessory system which allows users to Secure Accessories Simultaneously.

Close

**Where To Buy**

Ex. 14, Milwaukee 48-73-1094 Product Page & Images (Highlighted); Ex. 15, Grainger Listing for Hard Hat Headlamp Mount (48-73-1090).

53.     On information and belief, Milwaukee actively induces others to infringe at least claim 1 of the '327 Patent at least through the sale of, advertisements for, and instructions for the Accused Bolt System to customers in the United States.

54.     For example, The Home Depot sells the Accused Bolt System in the United States:



Ex. 16, BOLT<sup>TM</sup> Front Brim Hard Hat w/ Rechargeable Headlamp (48-73-1200-2118-21), The Home Depot.  Milwaukee lists on its website other U.S. retailers for the Accused Bolt System including Acme Tools, ToolUp, Zoro.com, Grainger, and Ohio Power Tool.  Ex. 17, 48-73-1200, Where to Buy, Milwaukee Tool.

55.     Reviews on Milwaukee's website show that Milwaukee has induced its customers to infringe at least claim 1 of the '327 Patent at least through the sale of, advertisements for, and instructions for the Accused Bolt System to customers in the United States. *See, e.g.*:

vinceg
La Verne, CA
Skill Level: **Professional**

★★★★★
**The headlamp system works great on BOLT hardhats!**
5 months ago

I am not sure what the one star review people are talking about with respect to the cord being too short. I bought this USB headlamp for my BOLT hardhat and the light clipped onto the front of my hardhat perfectly. The battery clipped on to the back of the helmet perfectly. And the cord between the light and the battery reaches around the side of the hardhat perfectly. Just like the picture on the Milwaukee website. The light has worked great and the battery will last most of the day on medium setting. Maybe they are not using the BOLT type hardhat.

✔ Yes, I recommend this product.



Helpful? 👍 (6) 👎 (0)    Report

Ex. 13, Milwaukee 2118-21 Product Page, Reviews at 4 (Highlighted);

Mickey C.
Pa.
Skill Level: **Professional**

★★★★★
**Perfect**
4 years ago

Safety , Comfortable , Impressive looking , Marker Holder excellent location , Led head lamp is the finishing add on

✔ Yes, I recommend this product.

Originally posted on Front Brim Hard Hat w/4pt Ratcheting Suspension

Helpful? 👍 (2) 👎 (0)    Report

Ex. 18, 48-73-1200 Product Page, Reviews at 3 (Highlighted);

ASC802
Burlington, Vermont
Skill Level: **Professional**

★★★☆☆
**Mixed Feelings**
4 years ago

I've had the full brim hard hat for 3 days now and it's really comfortable but the ratchet always seems to loosen up. Working in the Plumbing field and working up in the floor joist if you press the hard hat against anything it loosens up and having my light in the front makes the hard hat fall off and it's really frustrating. Granted it's super comfortable I won't buy again unless they upgrade the ratchet... And that's very hard for me to say considering every tool I own is Milwaukee..

Q: Tool Serial Number (If Applicable):
A: 50-73-1010

✖ No, I do not recommend this product.



Originally posted on Full Brim Vented Hard Hat with BOLT™ Accessories – Type 1 Class C

Helpful? 👍 (3) 👎 (0)    Report

Ex. 19, Full Brim Hard Hat w/ 4pt Ratcheting Suspension Product Page, Reviews at 7 (Highlighted).

56.     Milwaukee creates and distributes promotional and product literature for the Accused Bolt System that is designed to instruct, encourage, enable, and facilitate the use, sale, and offer for sale of the Accused Bolt System in a manner that directly infringes at least claim 1 of the '327 Patent.

57.     For example, the Operator's Manual for Milwaukee's USB Headlamp demonstrates an exemplary use of Milwaukee's infringing Accused Bolt System. *See, e.g.*:



Ex. 20, 58-22-0146d1 (Milwaukee USB Headlamp Operator's Manual);

## Assembly

**⚠CAUTION**  **To reduce the risk of injury, do not look directly into the light when the light is on.**

1. Slide the BOLT™ headlamp mounting bracket onto the front of the hard hat/helmet until it clicks into place, as shown in Fig. 1.
2. Open the cam locks on the rear BOLT™ battery pack, as shown in Fig. 2.
3. Slide the rear BOLT™ battery pack bracket onto the rear of the hard hat/helmet, as shown in Fig. 3.
4. Close the cam locks on the rear BOLT™ battery pack to secure and ensure both brackets engage the retention cleat of the hard hat/helmet.

*Id.* (Highlighted).

58.     On information and belief, Milwaukee provides such promotional materials advertising the Accused Bolt System and supports its distributors in selling and offering to sell the Accused Bolt System. *See, e.g.*:



Ex. 19, BOLT™ Full Brim Hard Hat w/4pt Ratcheting Suspension (USA) Product Page & Images;



*Id.*;



Ex. 21, BOLT™ Front Brim Safety Helmet with IMPACT ARMOR™ Liner Product Page & Images;



Ex. 22, Milwaukee® BOLT™ Head Protection and Accessories, https://www.youtube.com/watch?v=ZO5rF2p0rWQ.

17

59.     Milwaukee induces such infringing acts and, on information and belief, knew that its actions would induce direct infringement of the '327 Patent, or acted with willful blindness.

60.     Milwaukee had actual knowledge of the '327 Patent and, on information and belief, actual knowledge that its actions induce patent infringement at least as of the filing and service of this Complaint in violation of 35 U.S.C. § 271(b).

61.     Milwaukee's knowledge of infringement of the '327 Patent, and its continued making, sale, offer for sale, and/or importation of the Accused Bolt System constitutes infringement as well as active inducement of others to infringe the '327 Patent in violation of 35 U.S.C. § 271(b).

62.     For similar reasons, on information and belief, at least since the filing and service of this Complaint, Milwaukee's infringement has been willful, and the Court should award treble damages pursuant to 35 U.S.C. § 284.

63.     Milwaukee's continued infringement of the '327 Patent has damaged and will continue to damage Klein Tools.

64.     Unless and until enjoined by this Court, Milwaukee will continue to infringe the '327 Patent. Milwaukee's infringing acts are causing and will continue to cause at least Klein Tools irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Klein Tools is entitled to a permanent injunction against further infringement.

65.     This case is exceptional, entitling Klein Tools to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

### Infringement of the '209 Patent by Milwaukee

66.    Plaintiff realleges and incorporates each of the allegations in Paragraphs 1–65 above as though fully set forth herein.

67.    Milwaukee makes, uses, sells, offers for sale, and/or imports the Accused Glow Fish Tape Systems in the United States.

68.    Milwaukee directly infringes—literally and/or under the doctrine of equivalents— at least claim 6 of the '209 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Glow Fish Tape Systems as, for example, detailed in Ex. 27 (Exemplary Infringement Claim Chart for Claims of U.S. Patent No. 11,713,209), which is incorporated herein in its entirety.

69.    At least since the filing and service of this Complaint, Milwaukee also indirectly infringes at least claim 6 of the '209 Patent in violation of 35 U.S.C. § 271(b) by actively inducing direct infringement by others.

70.    On information and belief, at least since the filing and service of this Complaint, Milwaukee actively induces direct infringement of at least claim 6 of the '209 Patent at least by its customers and/or end users with the specific intent that such customers' and/or end users' acts infringe at least claim 6 of the '209 Patent.

71.    On information and belief, Milwaukee possessed knowledge and understanding of the '209 Patent and its contents prior to at least some of the accused acts of infringement.

72.    Milwaukee has had actual knowledge of the '209 Patent and its claims since at least the date on which this Complaint was filed and served on Milwaukee.

73.     On information and belief, at least since the filing and service of this Complaint, Milwaukee actively induces direct infringement of at least claim 6 of the '209 Patent at least by its customers and/or end users with the actual knowledge that such customers' and/or end users' acts infringe at least claim 6 of the '209 Patent.

74.     Milwaukee creates and distributes promotional and product literature for the Accused Glow Fish Tape Systems that is designed to instruct, encourage, enable, and facilitate the use, sale, and offer for sale of the Accused Glow Fish Tape Systems in a manner that directly infringes at least claim 6 of the '209 Patent.

75.     On information and belief, Milwaukee actively induces others to infringe at least claim 6 of the '209 Patent at least through the sale of, advertisements for, and instructions for the Accused Glow Fish Tape Systems to customers in the United States.  For example, The Home Depot sells the Accused Glow Fish Tape Systems in the United States:



Ex. 23, The Home Depot, *Milwaukee 20 ft. Glow Fish Tape*.  Milwaukee lists on its website other

U.S. retailers for the Accused Glow Fish Tape Systems, including Acme Tools, Zoro.com, and

Ohio Power Tool.  Ex. 24, Milwaukee, *20' Glow Fish Tape, Where to Buy*.

76.    As another example, Milwaukee advertises the Accused Glow Fish Tape Systems

as "deliver[ing] easier fishing and bright glow in low light applications," "[t]he open slots

throughout the case allow[ing] light to easily charge the tape resulting in a bright glow in the dark":



Ex. 11, Milwaukee, *20' Glow Fish Tape* (Cropped and Highlighted).

77.    Milwaukee further advertises "key features" of the Accused Glow Fish Tape

Systems as including "Bright glow in the dark," "Low friction case for smooth payout," "Multi-

position handle," and "Open slots for easy recharging":



*Id.* (Cropped and Highlighted).

78.     Likewise, the brochure that comes attached to Milwaukee's 20' Glow Fish Tape System highlights these same product features, among others:



Ex. 25, Milwaukee 20' Glow Fish Tape System Brochure at 2–3.

79.     On information and belief, Milwaukee provides such promotional materials advertising the Accused Glow Fish Tape Systems and supports its distributors in selling and offering to sell the Accused Glow Fish Tape Systems.  *See, e.g.*:



Ex. 25 Milwaukee 20' Glow Fish Tape System Brochure at 1.

 

Ex. 11, Milwaukee, *20' Glow Fish Tape* (Cropped).

80.    Milwaukee induces such infringing acts and, on information and belief, knew at least as of the filing and service of this Complaint that its actions would induce direct infringement of the '209 Patent, or acted with willful blindness.

81.    Milwaukee had actual knowledge of the '209 Patent and, on information and belief, actual knowledge that its actions induce patent infringement at least as of the filing and service of this Complaint in violation of 35 U.S.C. § 271(b).

82.     Milwaukee's knowledge of infringement of the '209 Patent, and its continued sale, offer for sale, and/or importation of the Accused Glow Fish Tape Systems constitutes infringement as well as active inducement of others to infringe the '209 Patent in violation of 35 U.S.C. § 271(b).

83.     For similar reasons, on information and belief, at least since the filing and service of this Complaint, Milwaukee's infringement has been willful, and the Court should award treble damages pursuant to 35 U.S.C. § 284.

84.     Milwaukee's continued infringement of the '209 Patent has damaged and will continue to damage Klein Tools.

85.     Unless and until enjoined by this Court, Milwaukee will continue to infringe the '209 Patent. Milwaukee's infringing acts are causing and will continue to cause at least Klein Tools irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Klein Tools is entitled to a permanent injunction against further infringement.

86.     This case is exceptional, entitling Klein Tools to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### **THIRD CAUSE OF ACTION**

### **Infringement of the '573 Patent by Milwaukee**

87.     Plaintiff realleges and incorporates each of the allegations in Paragraphs 1–86 above as though fully set forth herein.

88.     Milwaukee makes, uses, sells, offers for sale, and/or imports the Accused Glow Tape Systems in the United States.

89.     Milwaukee directly infringes—literally and/or under the doctrine of equivalents— at least claim 6 of the '573 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Glow Fish Tape Systems as, for example, detailed in Ex. 28

(Exemplary Infringement Claim Chart for Claims of U.S. Patent No. 12,187,573), which is incorporated herein in its entirety.

90.     At least since the filing and service of this Complaint, Milwaukee also indirectly infringes at least claim 6 of the '573 Patent in violation of 35 U.S.C. § 271(b) by actively inducing direct infringement by others.

91.     On information and belief, at least as of the filing and service of this Complaint, Milwaukee actively induces direct infringement of at least claim 6 of the '573 Patent at least by its customers and/or end users with the specific intent that such customers' and/or end users' acts infringe at least claim 6 of the '573 Patent.

92.     On information and belief, Milwaukee possessed knowledge and understanding of the '573 Patent and its contents prior to at least some of the accused acts of infringement.

93.     Milwaukee has had actual knowledge of the '573 Patent and its claims since at least the date on which this Complaint was filed and served on Milwaukee.

94.     On information and belief, at least as of the filing and service of this Complaint, Milwaukee actively induces direct infringement of at least claim 6 of the '573 Patent at least by its customers and/or end users with the actual knowledge that such customers' and/or end users' acts infringe at least claim 6 of the '573 Patent.

95.     Milwaukee creates and distributes promotional and product literature for the Accused Glow Fish Tape Systems that is designed to instruct, encourage, enable, and facilitate the use, sale, and offer for sale of the Accused Glow Fish Tape Systems in a manner that directly infringes at least claim 6 of the '573 Patent.

96.     On information and belief, Milwaukee actively induces others to infringe at least claim 6 of the '573 Patent at least through the sale of, advertisements for, and instructions for the Accused Glow Fish Tape Systems to customers in the United States. *See supra* ¶¶ 75–78.

97.     On information and belief, Milwaukee provides such promotional materials advertising the Accused Glow Fish Tape Systems and supports its distributors in selling and offering to sell the Accused Glow Fish Tape Systems. *See supra* ¶ 79.

98.     Milwaukee induces such infringing acts and, on information and belief, knew at least as of the filing and service of this Complaint that its actions would induce direct infringement of the '573 Patent, or acted with willful blindness.

99.     Milwaukee had actual knowledge of the '573 Patent and, on information and belief, actual knowledge that its actions induce patent infringement at least as of the filing and service of this Complaint in violation of 35 U.S.C. § 271(b).

100.    Milwaukee's knowledge of infringement of the '573 Patent, and its continued sale, offer for sale, and/or importation of the Accused Glow Fish Tape Systems constitutes infringement as well as active inducement of others to infringe the '573 Patent in violation of 35 U.S.C. § 271(b).

101.    For similar reasons, on information and belief, at least since the filing and service of this Complaint, Milwaukee's infringement has been willful, and the Court should award treble damages pursuant to 35 U.S.C. § 284.

102.    Milwaukee's continued infringement of the '573 Patent has damaged and will continue to damage Klein Tools.

103.    Unless and until enjoined by this Court, Milwaukee will continue to infringe the '573 Patent. Milwaukee's infringing acts are causing and will continue to cause at least Klein Tools

irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Klein Tools is entitled to a permanent injunction against further infringement.

104.    This case is exceptional, entitling Klein Tools to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

105.    Klein Tools respectfully requests a jury trial on any issues so triable by right.

## PRAYER FOR RELIEF

106.    WHEREFORE, Klein Tools respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.  A judgment that Milwaukee directly and indirectly infringes the Patents-in-Suit;

B.  An order permanently enjoining Milwaukee, its affiliates and subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, offering to sell, selling, using, or importing into the United States systems claimed in any of the claims of the Patents-in-Suit, and from inducing others to make, offer, sell, use or import into the United States articles that infringe any claim of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, respectively, including any extensions and/or additional periods of exclusivity to which Klein Tools is or becomes entitled;

C.  An order awarding damages under 35 U.S.C. §§ 154 & 284 in an amount sufficient to compensate Klein Tools for its damages arising from infringement by Milwaukee, including, but not limited to, lost profits and/or a reasonable royalty;

D.  A judgment that Milwaukee's infringement of the Patents-in-Suit was and continues to be willful and an order awarding Plaintiff treble damages under 35 U.S.C. § 284;

E.  A judgment and order requiring Milwaukee to pay Klein Tools the prejudgment and post-judgment interest to the fullest extent allowed under the law, as well as its costs;

F.  An order finding that this is an exceptional case and awarding Klein Tools its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.  Such other relief as the Court may deem appropriate and just under the circumstances.


OF COUNSEL:

Greg S. Arovas, P.C.
Ryan Kane, P.C.
Alan Rabinowitz
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
garovas@kirkland.com
ryan.kane@kirkland.com
alan.rabinowitz@kirkland.com

Paul F. Brinkman, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
paul.brinkman@kirkland.com

Dated:  February 4, 2025

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton, & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Counsel for Plaintiff Klein Tools, Inc.*